NO. 07-00-0561-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 29, 2001

_____

GABRIEL GARZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-431453; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

**SECOND ABATEMENT AND REMAND**

Pursuant to a plea of guilty, appellant Gabriel Garza was convicted of burglary of a habitation with intent to commit theft and punishment was assessed at ten years confinement, probated for five years. Upon the State's application, community supervision was revoked for violations of the terms and conditions thereof, and the original punishment

of ten years confinement was imposed. Both the clerk's record and reporter's record have been filed. This appeal was abated and the cause remanded on May 9, 2001. Following a hearing, the trial court found that appellant is indigent and desires to prosecute his appeal. Mr. Richard Forcum was appointed new appellate counsel, and on August 2, 2001, an extension of time was granted in which to file appellant's brief until August 29, 2001. The brief has yet to be filed and no further motion for extension of time has been filed. By letter dated October 8, 2001, this Court notified Mr. Forcum of the defect and also directed him to explain to this Court by October 18, 2001, why the brief was not filed. Mr. Forcum did not respond and the brief remains outstanding.

Therefore, we now abate this appeal a second time and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent and entitled to new appointed counsel;

3. whether counsel for appellant has abandoned the appeal; and

4. whether appellant has been denied effective assistance of counsel given his attorney's failure to file a brief.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant desires to continue the appeal and is indigent, then the trial court shall also take

2

such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, December 28, 2001.

It is so ordered.

Per Curiam

Do not publish.